# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 1:20-cr-00240-JLT-SKO |
|---|---|
| Plaintiff, | |
| v. | ORDER RE FEBRUARY 12, 2024 FILING |
| JAMES COX, | (Doc. 291) |
| Defendant. | |

James Cox, a prisoner in federal custody, was sentenced on February 15, 2023 to a 198-month term of imprisonment after he pleaded guilty to one count of conspiring to distribute a controlled substance. (*See* Docs. 172, 174, 195, 196.) On February 13, 2024, Defendant filed a document that purports to advance an ineffective assistance of counsel claim under 28 U.S.C. § 2255. (Doc. 291.) However, Defendant indicates in his filing that he presently is unable to articulate his claim because he does not have access to his case file. (*Id*. at 2.) Defendant asserts that he reached out to trial counsel, Douglas Foster, more than 20 times in the last year, but has been unable to obtain his case materials from counsel. (*Id*. at 2–3.) Members of Defendant's family apparently have attempted to reach Attorney Foster "multiple times" as well, to no avail. (*Id*. at 3.) Defendant asks that the Court (1) order counsel to send his trial file to him at FCI Lompoc; and (2) permit Defendant to "supplement" his § 2255 motion once he receives his legal file.

1     Regarding the first request, the Court will require counsel to respond to Defendant's
2 assertions in writing. The Court cannot grant Defendant's second request, at least not as currently
3 presented. A late-filed or supplemental § 2255 motion may "relate back" to a timely-filed one if
4 the original and later-filed motions are "tied to a common core of operative facts." *Mayle v. Felix*,
5 545 U.S. 644, 664 (2005). Here, though Defendant's recent filing purports to move for relief
6 under § 2255, he advances nothing more than the general ground of "ineffective assistance of
7 counsel," with no supporting factual allegations. Therefore, it is not clear how any later-filed
8 "supplement" could relate back to the recent filing. Moreover, even if the current filing contained
9 factual allegations, it would be premature for the Court to speculate whether any supplement
10 would relate back to it without having an opportunity to examine the supplement.

11     To the extent Defendant's filing could be construed as a request for permission to late-file
12 a § 2255 motion, the Court lacks jurisdiction to give such permission in the abstract. The Ninth
13 Circuit has held that the statute of limitations contained in § 2255 is subject to equitable tolling.
14 *See United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004). For equitable tolling to apply, a
15 defendant must prove that extraordinary circumstances beyond his control made it impossible to
16 file a timely petition, and the extraordinary circumstances were the cause of the untimeliness. *Id*.
17 However, equitable tolling only applies when a defendant has _filed_ a § 2255 Petition _after_ the
18 applicable statute of limitations period has passed. *See United States v. Leon*, 203 F.3d 162, 164
19 (2d Cir. 2000) ("A federal court lacks jurisdiction to consider the timeliness of a § 2255 petition
20 until a petition is actually filed."). Thus, this Court lacks jurisdiction to consider extending the
21 time for Petitioner's filing unless and until such a petition is filed, because there otherwise is no
22 case or controversy within the meaning of Article III of the Constitution. *See Jackson v. Warden*
23 *at Ironwood State Prison*, No. LA CV 15-06779-VBF(GJS), 2015 WL 5445998, at *2 (C.D. Cal.
24 Sept. 16, 2015); *Gordon v. United States*, No. C12-0205-JCC, 2012 WL 2061610, at *1 (W.D.
25 Wash. June 7, 2012). Accordingly, because the Court may only consider Petitioner's equitable
26 tolling showing if presented alongside a late filed § 2255 Petition, Defendant's Request is
27 **DENIED WITHOUT PREJUDICE AS PREMATURE**.
28 ///

**CONCLUSION AND ORDER**

For the reasons set forth above:

    (1)    Within 21 days of the date of this order, Attorney Douglas Foster shall respond in writing to Defendant's assertions regarding access to his case file.

    (2)    Defendants' remaining requests are **DENIED WITHOUT PREJUDICE.**

    (3)    The Clerk of Court is directed to serve a copy of this order on Attorney Foster by email and mail at his address of record.

IT IS SO ORDERED.

Dated: **February 15, 2024**

*[signature]*
UNITED STATES DISTRICT JUDGE