UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>        Plaintiff,<br><br>   v.<br><br>JAMES COX,<br><br>        Defendant. | Case No.  1:20-cr-00240-JLT-SAB-7<br><br>ORDER DISMISSING SUPPLEMENTED MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 |

James Cox is a federal prisoner proceeding pro se on a 28 U.S.C. § 2255 motion filed on February 12, 2024, supplemented on February 26, 2024, seeking to vacate, set aside, or correct his sentence. (Docs. 291, 297, respectively). The § 2255 motion as supplemented alleges ineffective assistance of counsel.[1] The government timely filed a motion to dismiss. (Doc. 309). Cox's reply was due July 12, 2024, but none has been filed. (Doc. 301; *see* docket). For reasons set forth below, the Court **GRANTS** the government's motion to dismiss the § 2255 motion as supplemented and **DECLINES** to issue of a certificate of appealability.

## I.    BACKGROUND

On July 22, 2022, Cox entered a straight-up plea of guilty to Count 1 of the second superseding indictment, charging him with conspiracy to distribute more than 50 grams of methamphetamine and

---

[1] Cox's request in the § 2255 motion that the Court compel counsel to produce case files (Doc. 291) is moot. (*See* Docs. 292, 295).

1

500 grams or more of a mixture containing methamphetamine, in violation of 21 U.S.C. 846, 841(a)(1), 841(b)(1)(A). (Docs. 95, 172, 174.). The Court sentenced Cox below the U.S. Sentencing Guidelines to 198 months in custody followed by 36 months of supervised release.[2, 3] (Docs. 195, 196, 305 at 17). The Court departed below the Guideline minimum of 262 months finding it to be "wildly disproportionate to the circumstances." (Doc. 305 at 16-17). The Court entered judgment on February 15, 2023. (Doc. 196). Cox did not appeal. (*See* docket).

## II.   STANDARD OF DECISION

### A.   28 U.S.C. § 2255 Motion

"A federal prisoner challenging the legality of detention generally must do so by a motion pursuant to 28 U.S.C. § 2255." *Scaggs v. Ciolli*, 2023 WL 1879461, at *1 (9th Cir. February 10, 2023) (citing *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006)). Under § 2255, a prisoner in federal custody under sentence imposed by federal court, may collaterally attack the validity of his conviction or sentence by filing a motion to vacate, set aside or correct the sentence in the court that imposed the sentence. *United States v. Monreal*, 301 F.3d 1127, 1130 (9th Cir. 2002). Section 2255 also enumerates the grounds upon which a sentencing court may grant the federal prisoner relief: "[u]pon the ground that [1] the sentence was imposed in violation of the Constitution or laws of the United States, or [2] . . . the court was without jurisdiction to impose such sentence, or [3] . . . the sentence was in excess of the maximum authorized by law, or [4] [the sentence] . . . is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see also United States v. Roper*, 72 F.4th 1097, 1102 (9th Cir. 2023) (quoting *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999)) ("Section 2255 grants a prisoner in custody the right at any time to bring a motion to vacate, set aside or correct the sentence upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or that the sentence was in excess of the maximum authorized by law. . . .") (internal quotations omitted).

---

[2] Cox is serving his sentence at the U.S. Bureau of Prisons' ("BOP") Lompoc II Federal Correctional Institution in Lompoc, CA ("FCI Lompoc II"). *BOP Inmate Locator*, https://www.bop.gov/inmateloc/ (last visited May 12, 2026). Movant's projected release date is December 24, 2033. *Id.*

[3] 2021 Guidelines Manual, including all Guideline amendments, was used for United States Sentencing Guideline calculations. (*See* Doc. 189 at 1).

A successful § 2255 motion requires the federal prisoner, movant, to demonstrate the existence of an error of constitutional magnitude that "had a substantial and injurious effect or influence on the guilty plea or [ ] jury's verdict" and show the error resulted in actual prejudice. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)). Section 2255 relief is only warranted where a movant shows the asserted "fundamental defect . . . inherently result[ed] in a complete miscarriage of justice." *See United States v. Gianelli*, 543 F.3d 1178, 1184 (9th Cir. 2008); *United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that *Brecht's* harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254.") "If the court finds . . . there has been . . . a denial or infringement of the constitutional rights of the prisoner . . ." (§ 2255(b)), the court must vacate and set the judgment aside, and then (1) discharge or resentence the prisoner, or (2) grant a new trial, or (3) correct the sentence. *Barron*, 172 F.3d at 1157 (quoting 28 U.S.C. § 2255) (internal quotations omitted)).

"Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994); *see also Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989) (stating "vague and conclusory" allegations in a § 2255 motion do not support relief); *Neighbors v. United States*, 457 F.2d 795, 795 (9th Cir. 1972) (affirming denial of § 2255 motion where the allegations regarding ineffective assistance of counsel were entirely conclusory and without support in the record).

**B.     Ineffective Assistance of Counsel**

Ineffective assistance of counsel claims may be heard on collateral review, even if a defendant could have, but failed to, bring those claims on direct appeal. *See Massaro v. United States*, 538 U.S. 500, 504-05, 509 (2003); *see also United States v. De la Fuente*, 8 F.3d 1333, 1337 (9th Cir. 1993); *United States v. Ratigan*, 351 F.3d 957, 964-65 (9th Cir. 2003). To prevail on claimed ineffective assistance of counsel, a defendant must demonstrate that his attorney failed to exercise the degree of skill and diligence a reasonably competent attorney would exercise under similar circumstances. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). A defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.*

The law governing ineffective assistance of counsel claims is clearly established. *Canales v. Roe*, 151 F.3d 1226, 1229 (9th Cir. 1998). In *Strickland*, the Supreme Court held that there are two components to an ineffective assistance of counsel claim: "deficient performance" and "prejudice." 466 U.S. at 687. "Deficient performance" means representation that "fell below an objective standard of reasonableness." *Stanley v. Cullen*, 633 F.3d 852, 862 (9th Cir. 2011) (citing *Strickland*, 466 U.S. at 688). The defendant must identify counsel's alleged acts or omissions that were not the result of reasonable, professional judgment considering the circumstances. *See Strickland*, 466 U.S. at 690; *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995) (same). There is a strong presumption that counsel's performance fell within the "wide range of professional assistance." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (quoting *Strickland*, 466 U.S. at 689). Judicial scrutiny of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 689; *Quintero-Barraza*, 78 F.3d at 1349; *Sanders v. Ratelle*, 21 F.3d 1446, 1456 (9th Cir. 1994); *see also Premo v. Moore*, 562 U.S. 115, 125 (2011) ("[S]trict adherence to the *Strickland* standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage.").

To demonstrate prejudice, the movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.' " *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 693). A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *United States v. Leonti*, 326 F.3d 1111, 1120 (9th Cir. 2003) (same); *see also Moore*, 562 U.S. at 129 (quoting *Hill v. Lockhart,* 474 U.S. 52, 59 (1985)) (to prevail on prejudice in the context of a plea, defendant must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.").

## III.   DISCUSSION

### A.   Proceeding on Motion to Dismiss

The government's motion to dismiss argues that Cox's claim of ineffective assistance of counsel lacks any basis in fact and is not cognizable. (Doc. 309). The motion attaches a  declaration by

4

government counsel attesting to evidence outside the record relating to email with defense counsel and a plea offer allegedly extended to Cox. (*Id*.). The government does not cite any authority for its motion to dismiss. (*Id*.).

Rule 4 of the Rules Governing § 2255 Proceedings ("Habeas Rules") allows the United States to file an "answer, a motion, or other response." Habeas Rule 12 permits application of Rule 12(b) of the Federal Rules of Civil Procedure which in turn provides for dismissal on grounds of "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Supreme Court has characterized as erroneous the view that a Rule 12(b)(6) motion is appropriate in a habeas corpus proceeding. *See Brim v. Copenhaver, 2013 WL 5817990, at \*1 (E.D. Cal. Oct. 29, 2013) (citing Browder v. Director, Ill. Dept. of Corrections,* 434 U.S. 257, 269 n.14 (1978)). As noted, the government's motion does not cite Rule 12(b)(6) as authority for the motion. The Court will not construe the motion as brought under Rule 12(b)(6).

In light of the broad language of Habeas Rule 4, it has been held in this circuit that motions to dismiss are appropriate in habeas cases that present issues of failure to state a colorable claim under federal law. *See Lonchar v. Thomas*, 517 U.S. 314, 325-26 (1996) (observing the Advisory Committee's Note to Habeas Rule 4 to allow a motion to dismiss a § 2254 petition on procedural grounds); *O'Bremski v. Maas*, 915 F.2d 418, 420–21 (9th Cir. 1990) (using Habeas Rule 4 to evaluate a motion to dismiss a 28 U.SC. § 2254 petition on state procedural grounds); *White v. Lewis*, 874 F.2d 599, 602-03 (9th Cir.1989) (same); *United States v. Park,* 2009 WL 3806232, at \*1 n.3 (E.D. Cal. Nov. 12, 2009), *report and recommendation adopted,* 2010 WL 144428 (E.D. Cal. Jan. 11, 2010) (relying upon Habeas Rule 12 and Fed. R. Civ. P. 12(b)(6) in granting respondent's motion to dismiss an untimely § 2255 motion); *Brim*, 2013 WL 5817990, at \*1 (granting respondent's motion to dismiss 28 U.S.C. § 2241 petition for lack of subject matter jurisdiction).

The Court construes the government's motion to dismiss as invoking the summary dismissal standard of Rule 4.[4] The Court solicited the government's response during, not following its Rule 4 pleading examination process. (Doc. 301). Moreover, the government does not raise any procedural or jurisdictional deficiency such as might implicate a Rule 12(b) standard.  (*See* Doc. 309); *cf. United*

---

[4] The Court has not considered the evidence proffered with the government's motion to dismiss.

5

*States v. Morales*, 2021 WL 6064672, at *5-6 (E.D. Cal. Dec. 22, 2021) (construing respondent's motion to dismiss on the merits as an answer to the § 2255 motion); *Velasquez v. Benov*, 2011 WL 2960875, at *3-4 (E.D. Cal. July 20, 2011), *subsequently aff'd*, 518 F. App'x 555 (9th Cir. 2013) (construing motion to dismiss a 28 U.S.C. § 2254 petition as an answer to the petition on the merits). Relatedly, the Court observes the Advisory Committee Notes to Habeas Rule 4, providing that "[t]he judge has discretion to require an answer or other appropriate response from the United States Attorney." Habeas Rule 4, 1976 Adoption; *see Hillery v. Pulley*, 533 F. Supp. 1189, 1195 (E.D. Cal. 1982) (motion practice in habeas corpus is not specifically provided for in the rules, but must be inferred from their structure and the Advisory Committee Notes.).

**B.    Failure to State a Cognizable Claim**

Cox brings a single claim under § 2255 for ineffective assistance of counsel. Cox alleges generally that counsel did not adequately represent him during the hearings on the change of plea and sentencing. (Docs. 291, 297). Also, observing the absence of plea agreement and appellate waiver, Cox alleges that counsel failed to advise him regarding appeal rights. (*Id.*). Cox points out that after entry of judgment in the case and in relation to potential appeal, his many attempts to contact counsel for access to the case file were unsuccessful. (*Id.*).

**1.    Change of Plea**

Cox does not point to facts that counsel was ineffective at change of plea hearing. Particularly, Cox's colloquy with the Court at change of plea belies his conclusory allegations that counsel's conduct was prejudicially deficient. For example, Cox admitted the factual basis for his guilty plea, i.e. that the June 19, 2020 and July 1, 2020 transactions when taken together resulted in at least one pound of methamphetamine at issue. (Doc. 174 at 2, 4, 24-26; Doc. 189 at 6); *see also United States of America  v. Erin V. Mazzei*, 2026 WL 1194920, at *4 (D. Haw. May 1, 2026) (quoting *United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008)) ("[S]tatements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea."). Cox agreed that he had enough time to discuss the case, the superseding indictment, defenses, and the plea with counsel and that he was satisfied with counsel's representation. (Doc. 174 at 8, 14). Cox confirmed his understanding of the charge, that he conspired to distribute 50 grams or more of

methamphetamine and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine (*id*. at 23), which carried a custodial minimum mandatory sentence of ten years and a maximum of life, and five years of supervised release (*id*. at 19). Cox also confirmed that he had discussed the potentially applicable Sentencing Guidelines with counsel in relation to the facts in the case. (*Id*. at 10, 12-13).

The Court is unpersuaded by Cox's suggesting that his off the record consultation with counsel during the plea change about a "misunderstanding" he had as to the stipulated one pound of methamphetamine in issue, is evidence counsel acted deficiently and prejudicially. (*See* Doc. 297). The record reflects that Cox, following the consultation with counsel, stated he had resolved his misunderstanding as to the charged one pound of methamphetamine, stating that "I'm good," signaling that he was ready to proceed with the change of plea (Doc. 174 at 15-17), and the defense stipulated that one pound of methamphetamine was at issue (*id.* at 18).

Cox has not alleged facts overcoming the presumption that counsel's conduct at change of plea otherwise was reasonable and strategically motivated. *See Strickland*, 466 U.S. at 689 ("[a] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance"); *Morrison*, 477 U.S. at 381 (same); *see also United States v. Smith*, 282 F.3d 758, 763 (9th Cir. 2002) ("L]itigation tactics are decisions generally left to defense counsel."). Cox's merely "[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James*, 24 F.3d at 26. Even if Cox could show that counsel acted deficiently regarding change of plea, he has not shown any reasonable probability that he would not have plead guilty absent counsel's allegedly deficient conduct, for the reasons stated.

### 2.    Sentencing

Cox does not point to facts that counsel was ineffective at the sentencing hearing. As was the case above, Cox's colloquy with the Court at sentencing belies his conclusory assertions that counsel's conduct was prejudicially deficient. For example, at the sentencing hearing Cox attested to his review of the United Stated Probation Officer's Presentence Report with counsel, and that he had no questions or need for further review. (Doc. 305 at 3). The Court, absent any objection, adopted the PSR including the Guideline calculations as true and correct. (*Id*.).

7

The sentencing memorandum filed by the defense conceded career offender status, a total offense level of 34, a criminal history category of VI, and a custodial sentencing Guideline range of 262-327 months. (Doc. 192 at 2,5; *see also* Doc. 305 at 7). Still, defense counsel argued for a downward departure to time served with lifetime supervision based upon Cox's individualized circumstances, criminality, addiction and other health issues, and asserted sentencing disparity with co-defendants. (Doc. 192 at 1-8). The government's sentencing memorandum recommended a low-end custodial sentence of 262 months and 3 years supervised release.  (Doc. 191 at 1). The PSR recommended a low-end custodial sentence of 262 months and 3 years supervised release. (Doc. 190).

The sentencing Court agreed with and adopted as true the PSR's unobjected to findings that:

> [T]he applicable offense level here is 34. Mr. Cox' criminal history places him in a criminal history category Roman numeral VI. The advisory sentencing guideline associated with the offense level 34 and criminal history VI is a term of imprisonment between 262 and 327 months. And the charge to which Mr. Cox has pled guilty carries with it a term of ten years to life.

(Doc. 190 at 1, Doc. 305 at 3-4). Specifically regarding career offender status, the PSR recited Cox's two prior convictions for USSG §4B1.1(b).career offender enhancement, viz. "Possession Controlled Substances for Sale (Health and Safety §11378) from Tulare County Superior Court Docket Number VCF264543 and Possession Controlled Substances for Sale (Health and Safety §11378) from Tulare County Superior Court Docket Number VCF277368." (Doc. 189 at 6).

The Court went on to consider the § 3353(a) factors in arriving at an individualized sentence.[5] (Doc. 305 at 4-17). As noted, the Court varied downward to a custodial sentence of 198 months, finding the low end Guideline of 262 months disproportionate to Cox's circumstances.  (*Id*. at 17). The Court imposed 36 months of supervised release, below the statutory 21 USC 841(b)(1)(A) 5 year mandate stated in the PSR. (Doc. 189 at 17).

---

[5] Title 18 U.S.C. § 3553(a) provides that, in determining the sentence to be imposed, the court shall consider: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence, protect the public from further crimes of the defendant and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences available; the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; any pertinent policy statement issued by the Sentencing Commission; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense.

Cox does not explain how counsel acted deficiently in any these regards. *United States v. Vasquez*, 2026 WL 836485, at *4 (E.D. Cal. Mar. 26, 2026) ("Movant's argument that [counsel] errantly advised him regarding sentencing exposure including career status is unsubstantiated in the record."). For example, Cox merely cites a career offender case, without argument and untethered from the facts and circumstances of this case. (*See* Doc. 297 at 1, citing *U.S. v. Castillo*, 69 F.4th 648 (2023) (discussing an inchoate controlled substance offense, conspiracy to distribute methamphetamine, as a non-qualifying prior for purposes of the career offender Guidelines); cf. Doc. 309 at 4 citing USSG § 4B1.2B(b)(1); Cal. H. & S. Code § 11378)). Cox does not point to any facts that he was denied an individualized sentence.

As was the case above, Cox has not alleged facts overcoming the presumption that counsel's conduct at sentencing was reasonable and strategically motivated. *See Strickland*, 466 U.S. at 689 ("[a] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance); *Morrison*, 477 U.S. at 381 (same); *see also Smith*, 282 F.3d at 763. Here again, "[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James*, 24 F.3d at 26; *see also Mazzei,* 2026 WL 1194920, at *4 ("[P]resentation of conclusory allegations unsupported by specifics is subject to summary dismissal. . . ."). Even if  Cox could show that counsel acted deficiently including as to the applicable Guideline range, he would fall short of demonstrating a reasonable probability of a more favorable outcome absent that deficient conduct, for the reasons stated.

**3.   Appeal**

Cox does not point to facts that counsel was ineffective regarding his appellate rights.  Cox's general assertion that counsel was ineffective makes no mention of, and is devoid of, facts whether counsel: consulted with him regarding appeal, identified appealable issue(s), and/or suggested or failed to respond to a request by Cox that a notice of appeal be filed. Cox's mere citation to *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), untethered to the facts of the case, is not reason to find counsel ineffective regarding appeal. See *Flores-Ortega*, 528 U.S. at 478 (holding that counsel's failure to file a notice of appeal without defendant's consent not per se deficient).

Particularly so given Cox's voluntary and knowing guilty plea and the presumption that

9

counsel acted reasonably and strategically during the representation. *See Strickland*, 466 U.S. at 677-78; *see also Flores-Ortega*, 528 U.S. at 482 ("We normally apply a strong presumption of reliability to judicial proceedings and require a defendant to overcome that presumption [citations] by show[ing] how specific errors of counsel undermined the reliability of the finding of guilt[.]" (internal quotations omitted)).

The record reflects the sentencing Court expressly advised Cox that he had 14 days to appeal from the sentence imposed, and that he had the right to appointed counsel on appeal upon financial need. (*See* Doc. 305 at 19). Cox, being so advised, did not request appellate counsel. (*See* docket). Cox has not pointed to facts that counsel's alleged delay in providing the case files impacted his § 2255 motion as supplemented including claims and allegation contained therein or omitted therefrom. Cox's unsworn declaration stating unspecified unsuccessful attempts at contacting counsel post-judgment for the legal file, falls short. (*See* Docs. 291, 295, 297). Notably, the Court advised Cox prior to his filing of the supplement to the § 2255 motion, that the § 2255 motion itself contained "no supporting factual allegations." (Doc. 292 at 2).

Additionally, Cox makes no showing of prejudice under *Strickland*, that absent counsel's allegedly deficient conduct, he would have appealed. *Strickland*, 466 U.S. at 694; *see also Flores-Ortega*, 528 U.S. at 484 ("[D]efendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed.").

**C.    Evidentiary Hearing**

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, [u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255); *see also United States v. Jaramillo*, 2025 WL 2462728, at *20  (E.D. Cal. 2025) (same). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal. *See United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996); *Rodriguez*, 49 F.4th at 1213 (same). To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. *McMullen*, 98 F.3d at

1159. "The Ninth Circuit's rule is that merely conclusory statements in a § 2255 motion are not enough to require a hearing." *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980).

A § 2255 motion does not automatically entitle a movant to a hearing if the issues can be conclusively decided on the evidence in the motion, files, and records. *Blackledge v. Allison,* 431 U.S. 63, 80-82 (1977); 28 U.S.C. § 2255(b); *see also United States v. Mejia–Mesa,* 153 F.3d 925, 929 (9th Cir. 1998) (noting that a "district court has discretion to deny an evidentiary hearing on a § 2255 claim where the files and records conclusively show that the movant is not entitled to relief"); Habeas Rule 8(a) (the court must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Habeas Rule 7 to determine whether an evidentiary hearing is warranted); *Fontaine v. United States,* 411 U.S. 213, 215 (1973) (§ 2255 hearing required unless motion, files, and records conclusively show movant is not entitled to relief). The district court exercises its discretion and common sense in determining whether a hearing is necessary. *U.S. v. Tate*, 523 F. Supp. 2d 165, 169 (D. Conn. 2007); *see also U.S. v. Martinez*, 475 F. Supp. 2d 154, 161 (D. Conn. 2007) (a district court is permitted to dispose of a motion to vacate without hearing where the case records demonstrate the movant's claims lack merit).

The Court finds on the undisputed facts and record that Cox is not entitled to a § 2255 hearing because his claim of ineffective assistance of counsel is not cognizable. *United States v. Peterson*, 2025 WL 2780042, at *13 (E.D. Cal. Sept. 30, 2025) (movant is not entitled to a § 2255 hearing because his claims are not a basis for relief). The § 2255 motion as supplemented may be denied as a matter of law, without a hearing. *See Leonti*, 326 F.3d at 1116 (defendant filing a motion to vacate is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show that the defendant is entitled to no relief); *U.S. v. Rodriguez-Vega*, 797 F.3d 781, 791 (9th Cir. 2015) ("An oral hearing is not necessary in all cases."); *cf. United States v. Werle*, 35 F.4th 1195, 1202 (9th Cir. 2022) (evidentiary hearing necessary on § 2255 motion to determine factual questions underlying prejudice to overcome procedural default); *Iaea v. Sunn*, 800 F.2d 861, 865-66 (9th Cir. 1986) (remanding "for an evidentiary hearing to determine whether there is a reasonable probability Iaea would not have pled guilty absent counsel's erroneous advice"). Cox's "mere conclusory allegations do not warrant an evidentiary hearing." *See Shah*, 878 F.2d at 1161.

11

**D.    Certificate of Appealability**

Pursuant to Habeas Rule 11, "[t]he district court must issue or a deny a certificate of appealability when it enters a final order adverse to the applicant." A court may issue a certificate of appealability where the moving party has made a substantial showing of the denial of a constitutional right, and reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Here, the Court finds that Cox has not made a substantial showing of the denial of a constitutional right, for the reasons stated. Furthermore, based on the foregoing, Cox cannot show "that jurists of reason would find it debatable whether the [§ 2255 motion as supplemented] states a valid claim of the denial of a constitutional right[.]" *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

## IV.    CONCLUSIONS AND ORDER

The Court observes that a pro se litigant's "pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys." *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, a "liberal construction" does not permit the Court to ignore "an obvious failure to allege facts that set forth a cognizable claim." United States v. *Caputo*, 2023 WL 5207318, at *3 (*citing James*, 24 F.3d at 26). "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *Id.* Based on the foregoing, the Court **ORDERS**:

1.    The government's motion to dismiss, as construed to have been brought under Habeas Rule 4 (Doc. 309), is **GRANTED**.

2.    The Court **DECLINES** to issue a certificate of appealability.

3.    The Clerk of the Court is directed to enter judgement in favor of the United States of America and to close the case.

IT IS SO ORDERED.

Dated:    **May 13, 2026**

UNITED STATES DISTRICT JUDGE